Ben A. Kaplan
**CHULSKY KAPLAN LLC**
280 Prospect Ave. 6G
Hackensack, NJ 07601
Phone: (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff(s)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEAN PAULINO, on behalf of herself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CREDIT CONTROL, LLC and JOHN DOES 1-25, | |
| Defendant(s). | |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.  The mailing addresses of the parties to this action are:

    JEAN PAULINO
    266 Washington Street
    Perth Amboy, New Jersey 08861

    CREDIT CONTROL, LLC
    5757 Phantom Drive
    Suite 330
    Hazelwood, Missouri 63042

**PRELIMINARY STATEMENT**

2.  Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, CREDIT CONTROL, LLC ("CREDIT

CONTROL") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6. Plaintiff is a natural person, a resident of Middlesex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CREDIT CONTROL maintains a location at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

8. CREDIT CONTROL uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9. CREDIT CONTROL is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initiAMERICAN HONDA defined as:

> All New Jersey consumers who were sent letters and/or notices from CREDIT CONTROL concerning a debt owned by AMERICAN HONDA FINANCIAL CORPORATION, which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who

were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A).** The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

b. Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA as set forth herein:

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

c. Typicality: Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d. Adequacy of Representation: Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will

fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16. Defendant(s) have acted on grounds generAMERICAN HONDA applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18. At some time prior to May 8, 2019, Plaintiff allegedly incurred a financial obligation to AMERICAN HONDA FINANCIAL CORPORATION ("AMERICAN HONDA").

19. Plaintiff allegedly incurred the AMERICAN HONDA obligation in connection with the purchase and/or lease of a motor vehicle.

20. The AMERICAN HONDA obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. Plaintiff incurred the AMERICAN HONDA obligation by obtaining goods and services which were primarily for personal, family and household purposes.

22. The AMERICAN HONDA obligation did not arise out of a transaction that was for non-personal use.

23. The AMERICAN HONDA obligation did not arise out of a transaction that was for business use.

24. The AMERICAN HONDA obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. AMERICAN HONDA is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. On or before May 8, 2019, AMERICAN HONDA referred the AMERICAN HONDA obligation to CREDIT CONTROL for the purpose of collections.

27. At the time the AMERICAN HONDA obligation was referred to CREDIT CONTROL the AMERICAN HONDA obligation was past due.

28. At the time the AMERICAN HONDA obligation was referred to CREDIT CONTROL the AMERICAN HONDA obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

29. Prior to the AMERICAN HONDA obligation being referred to CREDIT CONTROL for the purpose of collections, it is believed that the motor vehicle that was the subject of the AMERICAN HONDA obligation was subjected to repossession procedures in

accordance with the Uniform Commercial Code. See N.J.S.A. § 12A:2-101 et seq. and N.J.S.A. § 12A:2-706.

30. Prior to the AMERICAN HONDA obligation being referred to CREDIT CONTROL for the purpose of collections, it is believed that a credit was applied to the obligation due to the sale of the motor vehicle that was the subject of the AMERICAN HONDA obligation in accordance with the Uniform Commercial Code. See N.J.S.A. § 12A:2-101 et seq. and N.J.S.A. § 12A:2-706.

31. Defendants caused to be delivered to Plaintiff a letter dated May 8, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

32. The May 8, 2019 letter was sent to Plaintiff in connection with the collection of the AMERICAN HONDA obligation.

33. The May 8, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The May 8, 2019 letter is the initial written communication sent from Defendant to the Plaintiff.

35. Upon receipt, Plaintiff read the May 8, 2019 letter.

36. The May 8, 2019 letter provides the following information regarding the balance claimed due on the AMERICAN HONDA obligation:

Balance:                              $9,304.07

37. The May 8, 2019 letter stated in part:

> As of the date of this letter, you owe $9,304.07. For further information, write the undersigned or call (866) 536-5191.

38. The May 8, 2019 letter did not itemize or breakdown the amount of the debt by principal, interest, fees, other charges and/or credits.

39. The outstanding balance claimed to be due by Defendants on the AMERICAN HONDA obligation as of May 8, 2019 included an amount for interest, fees, other charges and/or credits.

40. The May 8, 2019 letter did not inform Plaintiff that the amount of the debt included an amount for interest.

41. The May 8, 2019 letter did not inform Plaintiff that the amount of the debt included an amount for costs and/or fees.

42. The May 8, 2019 letter did not inform Plaintiff that the amount of the debt included amounts incurred in connection with repossession procedures in accordance with the Uniform Commercial Code. See N.J.S.A. § 12A:2-101 et seq. and N.J.S.A. § 12A:2-706.

43. The May 8, 2019 letter did not inform Plaintiff that the amount of the debt included a credit being applied to the obligation due to the sale of the motor vehicle that was the subject of the AMERICAN HONDA obligation in accordance with the Uniform Commercial Code. See N.J.S.A. § 12A:2-101 et seq. and N.J.S.A. § 12A:2-706.

44. "Thus, in order to comply with the requirements of section 1692g, more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter - the required notice must also be conveyed effectively to the debtor." Wilson v. Quadramed Corp., 225 F.3d 350 at 354 (3d Cir. 2000); (citing Swanson v. Southern Oregon Credit Serv., Inc., 869 F.2d 1222, 1224 (9th Cir. 1988)); see also Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir. 1991). See also Grubb v. Green Tree Servicing, 2014 WL 3696126, at *9 (D.N.J. July 24, 2014), Grubb v. Green Tree Servicing, 2017 WL 3191521 at *5 (D.N.J. July 27, 2017).

45. Defendant's use of qualifying language ("as of the date of this letter") coupled with the invitation to call or write Defendant for more information would lead the Plaintiff and others similarly situated to believe that the balance of the AMERICAN HONDA obligation was subject to increase due to interest, fees and/or other charges.

46. In all subsequent letters sent to Plaintiff by Defendant the balance of the AMERICAN HONDA obligation remained the same: $9304.07.

47. Defendant made an offer to settle the AMERICAN HONDA obligation for 1 payment of $4,652.04 on several occasions including but not limited to: June 11, 2019; July 3, 2019; July 24, 2019 and August 19, 2019. Each time that the offer was made a new payment deadline was set by Defendant.

48. CREDIT CONTROL knew or should have known that its actions violated the FDCPA.

49. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

50. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

   (b) Making a false representation of the character, amount or legal status of the debt;

   (c) Using a false representation or deceptive means in connection with the collection of a debt; and

   (d) Failing to effectively convey the amount of the debt.

51. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New Jersey within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

52. Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

53. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

54. Defendant's letter would cause the least sophisticated consumer to be confused about his or her rights.

55. Defendant's letter would cause the least sophisticated consumer to be confused concerning the basis for the amount of the debt.

56. Defendant's letter would cause the least sophisticated consumer to believe that the amount of debt only consisted of principal.

57. Defendants' attempt to collect the alleged debt without first effectively conveying the amount of the debt violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(10); and § 1692g(a)(1).

58. Defendants violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

59. Defendants violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

60. Defendants violated 15 U.S.C. § 1692e of the FDCPA by not disclosing that the amount allegedly due on the AMERICAN HONDA obligation included an amount for interest, fees, other charges and/or credits.

61. Defendants violated 15 U.S.C. § 1692e of the FDCPA by creating a false sense of urgency for Plaintiff and others similarly situated to accept Defendant's offers to settle the obligation.

62. Defendants violated 15 U.S.C. § 1692e of the FDCPA by falsely representing or implying that the balance on the obligation was subject to increase.

63. 15 U.S.C. § 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

64. Defendants violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character, amount or legal status of a debt.

65. By failing to disclose that the amount allegedly due on the AMERICAN HONDA obligation included an amount for interest, fees, other charges and/or credits, Defendants made a false representation of the character, amount or legal status of a debt.

66. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

67. Defendants failure to disclose that the amount allegedly due on the AMERICAN HONDA obligation included an amount for interest, fees, other charges and/or credits violated 15 U.S.C. § 1692e(10).

68. 15 U.S.C. § 1692g(a)(1) of the FDCPA requires that the debt collector effectively convey the amount of the debt.

69. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to itemize the components that comprised the amount of the debt.

70. Defendants violated 15 U.S.C. § 1692g(a)(1) by presenting the amount of the debt as a single lump sum.

71. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to provide a itemization of the obligation by principal, interest, fees, other charges and/or credits.

72. Defendants violated 15 U.S.C. § 1692g(a)(1) by failing to effectively convey the amount of the debt.

73. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

74. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

75. Plaintiff and others similarly situated have a right to receive proper notices as mandated by the FDCPA.

76. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

77. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

78. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 2, 2019                              Respectfully submitted,

By:   *s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394; (866) 596-4973
ben@chulskykaplanlaw.com
Attorneys for Plaintiff

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: December 2, 2019

*s/ Ben A. Kaplan*
Ben A. Kaplan, Esq. (NJ 0337712008)
CHULSKY KAPLAN, LLC
280 Prospect Avenue, 6G
Hackensack, New Jersey 07601
Phone (877) 827-3395 ex 102
Cell Phone: (201) 803-6611
Fax: (877) 827-3394
ben@chulskykaplanlaw.com
Attorneys for Plaintiff
